IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ROARING LION, LLC, a Montana Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>NAUTILUS INSURANCE COMPANY, an Arizona Corporation,<br><br>    Defendant. | CV 11-2-M-DWM-JCL<br><br><br><br><br><br>ORDER |

Magistrate Judge Lynch entered Findings and Recommendation in this matter on July 15, 2011 (dkt # 24), recommending that Defendant's Motion for Summary Judgment (dkt # 15) be denied. Defendant Nautilus Insurance Company ("Nautilus") timely objected to the Findings and Recommendation on August 1, 2011 (dkt # 25), and is therefore entitled to *de novo* review of those findings or

recommendations to which it objected.  28 U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error.  <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

Nautilus contends it is entitled to summary judgment because three "business risk" exclusions—j(5), j(6), and m—in the commercial general liability policies at issue bar coverage for Roaring Lion's claims.  Judge Lynch found that exclusions j(5) and j(6) are reasonably subject to two different interpretations and are therefore ambiguous, requiring that they be strictly construed against Nautilus.  He found that exclusion m does not apply to the facts in this case.  Nautilus objects to these findings and further argues that Judge Lynch improperly relied on an assumption not supported by the facts in the record and that public policy favors that the policy be construed to recognize the general rule that business risk is not covered by general liability insurance.

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full.  The parties are familiar with the procedural and factual background of this case, so it will not be restated here.

I.

In its response to Nautilus's motion for summary judgment, Roaring Lion

asserted that negligent foundation work, not negligent framing work, caused the damages to the framing which are at issue here. (Dkt # 19.) Judge Lynch incorporated this allegation into his Findings and Recommendation. (Dkt # 24.) Nautilus objects, arguing that the allegation was raised for the first time in response to its motion for summary judgment and is not supported by the "pleadings, affidavit, or discovery response." (Dkt. # 25.)

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) requires a party asserting there is an genuine factual dispute to show evidence, not mere allegations. In resolving whether a genuine issue exists, the Court "view[s] the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party." James River Ins. Co. v. Hebert Schenk, P.C., 523 F.3d 915, 920 (9th Cir. 2008) (quoting Jones v. Halekulani Hotel, Inc., 557 F.2d 1308, 1310 (9th Cir. 1977)).

Upon reviewing the record, I find that sufficient evidence has been shown to raise a genuine factual dispute and that this dispute is material. The expert report attached as Exhibit 6 to Plaintiff's Statement of Genuine Issues provides evidence from which a reasonable jury could infer that the loss of the framing was caused by the foundation work, not the framing work. If negligent framing work caused

these damages, exclusions j(5) and j(6) of the Nautilus Policies would deny coverage. Thus, this issue is material to the case.

## II.

Exclusions j(5) and j(6) state that the Policies do not apply to "property damage" to:

> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it."

Judge Lynch found these exclusions can be reasonably construed in two ways and thus are ambiguous. "That particular part" may refer to the entire cabin structure, in which case j(5) and j(6) would deny coverage if work on any part of the cabin caused damages to any other part of the cabin. Or "that particular part" may be construed more narrowly to refer to the particular part of the cabin on which the allegedly defective work is performed. Under the second reading, j(5) and j(6) would not deny coverage for damages to the framing that resulted from defective foundation work; on the other hand, they would deny coverage for damages to the foundation caused by defective foundation work.

Nautilus argues this interpretation divides a single construction job into

artificial components and is unreasonable. Nautilus urges the Court to construe "that particular part" to include all work involved in the construction of the cabin. Nautilus also argues that construing the provisions narrowly would contradict the purpose of the commercial general liability policies, transforming them into performance bonds.

This may be so, but under Montana law, coverage is determined by the language of the policy, not the general purpose of a commercial general liability policy. Allstate Ins. Co. v. Wagner-Ellsworth, 188 P.3d 1042, ¶ 16 (Mont. 2008). Exclusions from coverage under an insurance policy must be "narrowly and strictly construed." Park Place Apts., LLC v. Farmers Union Mutual Ins. Co., 247 P.3d 236, ¶ 12 (Mont. 2010). A court must interpret the words of the policy according to their "usual, common sense meaning" and in such a way as to give effect to every part of the contract. Id. at ¶ 12, ¶ 20. The Court must consider all the provisions that have been inserted into the policy. State Farm Mutual Auto. Ins. Co. v. Freyer, 239 P.3d 143, ¶ 14 (Mont. 2010). If a contract is "reasonably subject to two different interpretations," it is ambiguous. Id. Any ambiguities are construed against the insurer. Id.

Nautilus would have the Court ignore the words "that particular part" and reform the provisions to state that the policies do not apply to "property damage"

to property that results from "your work" being incorrectly performed on any part of that property. See Mid-Continent Casualty Co. v. JHP Development, Inc., 557 F.3d 207, 214 (5th Cir. 2009). The Court agrees with Judge Lynch that, strictly construed against Nautilus, exclusions j(5) and j(6) must be read to bar coverage only for the particular part of the property on which the defective work was performed—here, allegedly, the foundation. What work was defective and the cause of the damages at issue are disputed factual matters.

### III.

In relevant part, exclusion m bars coverage for "property damage" to:

property that has not been physically injured, arising out of:

1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."

"Property damage" is defined in the policies as "(a) Physical injury to tangible property, including all resulting loss of use of that property...or (b) Loss of use of tangible property that is not physically injured." If the damaged property was physically injured, this exclusion does not apply. Judge Lynch found that "structural damage and failure," as alleged by Roaring Lion, fit within the usual, common sense meaning of the term "physically injured." This Court agrees.

IV.

For all the above reasons, the Findings and Recommendation (dkt # 24) are hereby ADOPTED, and Nautilus's Motion for Summary Judgment (dkt # 15) is DENIED.

DATED this 7th day of September, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT